UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL E. WATSON, I, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>VETERANS EVALUATION SERVICES, )<br>BRUCE CASEWELL, )<br>SHERYL A. EBERT, )<br>MICHELE M. MOIRARO, )<br>GREALD W. BOCH, )<br>)<br>    Defendants. )<br>_____ ) | Case No.   23-1109-HLT-GEB |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Accommodations under the Americans with Disabilities Act ("Motion") **(ECF. Nos. 6)**. Plaintiff seeks to appear at a status conference electronically, in essence via email. After review of Plaintiff's Motion, and for the reasons set forth below, the Court **DENIES** Plaintiff's Motion **(ECF No. 6)**.

### I.   Background

Plaintiff, a military veteran with service-connected disabilities, has filed four separate lawsuits against the Department of Veterans Affairs ("VA"); its vendors, including Veterans Evaluation Services; and certain employees and/or independent contractors of the VA seeking damages for multiple complaints arising from the VA's

1

decisions regarding benefits, disability ratings, and related issues.[1] The undersigned Magistrate Judge initially set a status conference via Zoom to discuss possible amendment or consolidation of Plaintiff's claims to move them forward in a more streamlined manner. Plaintiff filed a response indicating he had disability and technology issues related to use of Zoom for the conference.[2] The status conference was changed to take place by phone instead of Zoom to accommodate Plaintiff's challenges with the technology believing it would also assist with the disability related issues.[3] Plaintiff communicated with the undersigned's chambers on the day prior to the phone conference advising he intended to file the current Motion. Plaintiff did not appear at the conference the following day. The Court reset the status conference for a later date and Plaintiff filed the current Motion.

Plaintiff's Motion seeks an order permitting him to participate in the status conference, as well as any conference, via email. As mentioned above, the Court initially postponed the conference. It ultimately cancelled the status conference as the undersigned's chambers worked with the courthouse ADA coordinator and communicated with Plaintiff by email to discuss available accommodations for both in person and remote

---

[1] 22-1275-HLT-GEB – Watson v. United States Department of Veterans Affairs, et al. (judgment entered dismissing case on July 10, 2023); 23-1109-HLT-GEB – Watson v. Veterans Evaluation Services, et al.; 23-1120-HLT-GEB – Watson v. Sheryl A. Ebert, et al.; and 23-1156-HLT-GEB – Watson v. Jessica Lee Leclerc.
[2] 22-1275-HLT-GEB - ECF No. 39.
[3] 22-1275-HLT-GEB – ECF No. 40.

appearance.4 Unfortunately, the Court was unable to reach an agreement regarding an accommodation and thus must address Plaintiff's Motion.

## II.  Legal Standard

Plaintiff brings this motion based upon the Americans with Disabilities Act ("ADA"). It is well-settled that Title II of the ADA is not applicable to "the federal government, including its district courts."5. However, "all federal courts must provide reasonable accommodation to all persons with communications disabilities" pursuant to judicial policy.6 "Each federal court is required to provide, at judiciary expense, sign language interpreters or other appropriate auxiliary aid or services to participants in federal court proceedings who are deaf, hearing-impaired, or have other communications disabilities."7 "Auxiliary aids and services" are defined as "qualified interpreters; assistive

---

4 August 3, 2023 email to Plaintiff; August 6, 2023 response from Plaintiff; August 11, 2023 follow up email to Plaintiff; August 11, 2023 response from Plaintiff; and August 23, 2023 supplemental response from Plaintiff. All maintained in Chamber's electronic file.

5 *Patrick v. US Postal Service*, No. 10-0650-PHX, 2010 WL 4879161, at *2 (D. Ariz. Nov. 23, 2010); 42 U.S.C. § 12131(1) (ADA defines public entities in terms of states and local governments.); *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) ("[T]itle II of the ADA is not applicable to the federal government."); *Turgeon v. Brock*, No. 94-0269-SD, 1994 WL 803506, at *1 (D.N.H. Dec. 20, 1994) ("As a preliminary matter, the court notes that federal courts are not subject to Title II of the ADA…."); *Zang v. Zang,* No. 11-0884, No. 12-0629, 2013 WL 4777092, at *2 (S.D. OH Sept. 5, 2013) ("[F]ederal government, federal courts do not fall within the definition of a covered 'public entity' under the ADA, and are exempt from its provisions."); and *Williams v. McDonald's Corp.,* No. 20-1214-TLN, 2021 WL 1985024, at *1 (E.D. Cal. May 18, 2021) ("[T]he plain language of Title II of the ADA excludes the federal government from the reach of the [ADA]….However, "[i]n keeping with the Judicial Conference Policy the U.S. District Court…provides reasonable accommodations to persons with communications disabilities at the court's expense.").

6 *Patrick,* 2010 WL 4879161, at *4 (citing the Guide to Judiciary Policies, Vol. 5, Ch 2, § 255.10).

7 Guide to Judiciary Policies and Procedures, Vol. 1, Ch. 3 (Guidelines for Providing Services to the Hearing-Impaired and other Persons with Communications Disabilities, available at http:// www.nad.org/issues/justice/courts/communication-access-federal-courts.

listening devices or systems; or other effective methods of making aurally delivered materials available to *individuals with hearing impairments.*"[8] Court proceedings include "trials, hearings…and other public programs or activities conducted by a court."[9] "'Participants' in court proceedings include parties, attorneys, and witnesses."[10] "The court shall give primary consideration to a participant's choice of auxiliary aid or service."[11] And "[p]rimary consideration" means the "court is to honor a participant's choice of auxiliary aid or service, unless it can show that another equally effective means of communication is available, or that the use of the means chosen would result in a fundamental alteration in the nature of the court proceeding or in an undue financial or administrative burden."[12]

## III.  Discussion

Plaintiff is a military veteran having served in active duty with the Army. He alleges service-connected disabilities[13] and receives VA health benefits. Among other conditions, Plaintiff alleges he suffers from partial hearing loss in both ears; partial blindness in one eye; degenerative arthritis of the spine; radiculopathy associated with degenerative arthritis

---

8 *Zang*, 2013 WL 4777092, at *3 (citing the Guide to Judiciary Policies, Vol. 5, Ch 2, § 255.30(c)(4) (emphasis in original)).
9 *Id.*
10 Guide to Judiciary Policies and Procedures, Vol. 1, Ch. 3 (Guidelines for Providing Services to the Hearing-Impaired and other Persons with Communications Disabilities, available at http://www.nad.org/issues/justice/courts/communication-access-federal-courts.
11 *Id.*
12 *Id.*
13 The facts regarding Plaintiff's disabilities are drawn from the current Motion; Plaintiff's "Response and Motions," 23-1109-HLT-GEB at ECF No. 5;  and January 28, 2020 VA Rating Decision,  23-1109-HLT-GEB at ECF No. 9 and are accepted as true for the purposes of determining this motion only.

of the spine; peripheral neuropathy in his neck causing diarrhea, incontinence, imbalance; radiating pain causing tingling in both hands; chronic pain; and loss of sensitivity in both hands. Being hearing impaired, the Court per judicial policy will accommodate his appearance at the status conference, when rescheduled, and other conferences with the Court during the discovery phase of the relevant cases.

Plaintiff has chosen the auxiliary aid or service of appearing electronically, essentially via email. The Court is to give primary consideration to Plaintiff's auxiliary aid or service of choice. However, appearing at a court hearing via email would result in a fundamental alteration in the nature of a hearing. Additionally, an equally effective means of communication is available. Based on the undersigned's chamber's communications with Plaintiff, he has a computer with a webcam. He indicated his problem with using Zoom was that he was having problems signing up for a Zoom account. Having an account will not be necessary as the Court will schedule the conference and send Plaintiff the link to join. Using Zoom will permit the Court to provide real time captioning using a court reporter and allow Plaintiff to see the person speaking, both of which should enhance understanding. Additionally, it provides for the real time interaction that is a hallmark of court hearings. The Court will permit Plaintiff to turn off his camera and take breaks, as necessary, during the status conference. Upon thoughtful consideration, the Court **DENIES** Plaintiff's Motion for Accommodation under the Americans with Disabilities Act (**ECF No. 6**).

**IT IS THEREFORE ORDERED** Plaintiff shall appear at the status conference rescheduled for September 26, 2023 at 1:30 p.m. via Zoom with real time captioning using a court reporter.

Dated this 20th day of September, 2023 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
